UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

BENNIE GIBSON,

        Plaintiff,

        -against-

THE CITY, a group of officers from
109th Precinct, Bivens claim
conducting an arrest in January 2015
upon belief concerning alleged copper
theft in official and individual
capacity,

        Defendants.

-------------------------------------X

**ORDER**
15-MC-768(KAM)

**KIYO A. MATSUMOTO**, United States District Judge:

        On April 30, 2002, the court barred plaintiff from filing any future complaint unless plaintiff demonstrates imminent danger of serious physical injury. *Gibson v. Weiss*, Case No. 01-CV-8382 (SJ) (ECF No. 10); *Gibson v. Vega*, Case No. 01-CV-8379 (SJ) (ECF No. 9); *see also* 28 U.S.C. § 1915(g).) In order to file any future *in forma pauperis* complaint, the court ordered that: (a) plaintiff must request written authorization and must specifically allege the imminent danger of serious physical injury plaintiff is facing; (b) plaintiff must attach his proposed complaint to any request for leave to file; and (c) plaintiff must attach a copy of the court's April 30, 2002 order to his submission. *Id.*

1

On April 23, 2015, plaintiff, who is currently incarcerated at the Vernon C. Bain Correctional Center in Bronx, New York, filed the instant motion seeking permission to file an *in forma pauperis* complaint, along with a proposed complaint, accompanied by an application to proceed *in forma pauperis*. Plaintiff's request for leave fails to provide the Court with any valid reason to allow the proposed action to go forward.

Plaintiff's proposed complaint asserts that the facts of "this case are similar to [his prior actions] 14 CV 0078 [and] 14 misc 0078." (*See* ECF No. 1, Proposed Compl. ¶ D.) To the extent that his proposed complaint reiterates substantially the same allegations raised in his previous action, his claims are duplicative. Moreover, to the extent that plaintiff seeks to raise new allegations of violations of his constutional rights, his allegations fail to satisfy the "imminent danger" requirement of § 1915(g), as he does not allege that he is presently in imminent danger of serious physical injury. *Chavis v. Chappius,* 618 F.3d 162, 167 (2d Cir. 2010). To satisfy the requirement of imminent danger of serious physical injury under 28 U.S.C. § 1915(g), a plaintiff must "reveal a nexus between the imminent danger [he] alleges and the claims [he] asserts." *Pettus v. Morgenthau,* 554 F.3d 293, 298 (2d Cir. 2009). Here, plaintiff fails to allege any facts indicating that he faces any danger of any physical injury. Nor can the Court reasonably

construe his allegations to support a finding that he was under imminent danger of serious injury at the time he filed this action.

## CONCLUSION

Accordingly, given plaintiff's extensive history of vexatious litigation, and in the absence of any allegation concerning a danger of imminent serious physical injury, plaintiff is denied permission to file an *in forma pauperis* complaint based on the allegations herein.

The Court's order barring plaintiff from filing future *in forma pauperis* complaints without first seeking the Court's leave remains in effect. The Clerk of Court is directed to return without filing and without judicial order any future *in forma pauperis* complaint submitted by plaintiff that does not comply with the Court's filing injunction.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this action.

**SO ORDERED.**

Dated:     Brooklyn, New York
           May 5, 2015

                                       _____/s/_____
                                       Kiyo A. Matsumoto
                                       United States District Judge
                                       Eastern District of New York